1  **PINNOCK & WAKEFIELD**
   A Professional Corporation
2  David C. Wakefield, Esq.      Bar #: 185736
   Theodore A. Pinnock, Esq.     Bar #: 153434
3  Michelle L. Wakefield, Esq.   Bar #: 200424
   3033 Fifth Avenue, Suite 410
4  San Diego, CA 92103
   Telephone:  619.858.3671
5  Facsimile:  619.858.3646

6  Attorneys for Plaintiff          E-Filing

7

8                                              SBA

9          UNITED STATES DISTRICT COURT
10        NORTHERN DISTRICT OF CALIFORNIA

11
   ROBERT MCCARTHY,                 Case No.:
12
              Plaintiff,            C 06 1264
13                                  CIVIL COMPLAINT:
                                    DISCRIMINATORY PRACTICES IN
14    v.                            PUBLIC ACCOMMODATIONS
                                    [42 U.S.C. 12182(a) ET. SEQ;
15 JIM DOTEN, INC., d.b.a. DOTEN    CIVIL CODE 51, 52, 54, 54.1]
   AUTOMOTIVE – HYUNDAI; JIM
16 DOTEN, INC.; J AND J             NEGLIGENCE
   PROPERTIES, A California         [CIVIL CODE 1714(a), 2338,
17 Corporation; And DOES 1          3333; EVIDENCE CODE 669(a)]
   THROUGH 10, Inclusive
18                                  DEMAND FOR JURY TRIAL
                                    [F.R.Civ.P. rule 38(b)]
19            Defendants.

20

21                   **INTRODUCTION**

22       Plaintiff ROBERT MCCARTHY herein complain, by filing this

23 Civil Complaint in accordance with rule 8 of the Federal Rules of

24 Civil Procedure in the Judicial District of the United States

25 District Court of the Northern District of California, that

26 Defendants have in the past, and presently are, engaging in

27 discriminatory practices against individuals with disabilities,

28 specifically including minorities with disabilities. Plaintiff

                             1

alleges this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers.  Therefore, Plaintiff makes the following allegations in this federal civil rights action:

## JURISDICTION AND VENUE

1.   The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq.  Venue in the Judicial District of the United States District Court of the Northern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiff's claims arose within the Judicial District of the United States District Court of the Northern District of California.

## INTRADISTRICT ASSIGNMENT

2.   Pursuant to Local Rule 3-2, this action should be assigned to the San Francisco Division as the property that is the subject of this action is situated in Contra Costa County.

## SUPPLEMENTAL JURISDICTION

3.   The Judicial District of the United States District Court of

the Northern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).  The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts.  The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff was denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when Plaintiff ROBERT MCCARTHY attempted to enter, use, and/or exit Defendants' facilities as described below within this Complaint.  Further, due to this denial of full and equal access, Plaintiff ROBERT MCCARTHY and other persons with disabilities were injured.  Based upon the said allegations, the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

4.  Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Defendant JIM DOTEN, INC., d.b.a. DOTEN AUTOMOTIVE - HYUNDAI, is located at 3285 Auto Plaza Road, Richmond, California, 94806. Plaintiff is informed and believes and thereon alleges that Defendant JIM DOTEN, INC., is the owner, operator, lessor, franchiser, and/or franchisee of DOTEN AUTOMOTIVE - HYUNDAI.

Defendant JIM DOTEN, INC., is also located at 3285 Auto Plaza
Road, Richmond, California, 94806.  Plaintiff is informed and
believes and thereon alleges that Defendant J AND J PROPERTIES, A
California Corporation, is the owner, operator, and/or lessor of
the real property located at 3285 Auto Plaza Road, Richmond,
California, 94806.  Defendant J AND J PROPERTIES, A California
Corporation, is located at 3700 Amestoy Court, Modesto,
California, 95355

5.   The words Plaintiff and Plaintiffs as used herein
specifically include ROBERT MCCARTHY and persons associated with
ROBERT MCCARTHY who accompanied him to Defendants' facilities.

6.   Defendants Does 1 through 10, were at all times relevant
herein subsidiaries, employers, employees, agents, of JIM DOTEN,
INC., d.b.a. DOTEN AUTOMOTIVE - HYUNDAI; JIM DOTEN, INC.; and/or J
AND J PROPERTIES, A California Corporation.  Plaintiff is ignorant
of the true names and capacities of Defendants sued herein as Does
1 through 10, inclusive, and therefore sue these Defendants by
such fictitious names.  Plaintiff will pray leave of the court to
amend this complaint to allege the true names and capacities of
the Does when ascertained.

7.   Plaintiff is informed and believes, and thereon alleges, that
Defendants and each of them herein were, at all times relevant to
the action, the owner, lessor, lessee, franchiser, franchisee,
general partner, limited partner, agent, employee, representing
partner, or joint venturer of the remaining Defendants and were
acting within the course and scope of that relationship.
Plaintiff is further informed and believes, and thereon alleges,

that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## CONCISE SET OF FACTS

8.   Plaintiff ROBERT MCCARTHY has an impairment and due to this impairment he has learned to successfully operate a wheelchair.

9.   On January 19, 2006, Plaintiff ROBERT MCCARTHY went to Defendants' JIM DOTEN, INC., d.b.a. DOTEN AUTOMOTIVE – HYUNDAI (hereinafter "DOTEN AUTOMOTIVE") facilities to utilize their goods and/or services. When Plaintiff ROBERT MCCARTHY patronized Defendants' facilities, he was unable to use and/or had difficulty using the public accommodations' disabled parking, exterior path of travel, access ramp, entrance, restroom, drinking fountain and counter facilities at Defendants' DOTEN AUTOMOTIVE business establishment because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG") and/or California's Title 24 Building Code Requirements. Defendants failed to remove access barriers within the disabled parking, exterior path of travel, access ramp, entrance, restroom, drinking fountain and counter facilities of Defendants' DOTEN AUTOMOTIVE establishment. Plaintiff ROBERT MCCARTHY intends to return to Defendants' DOTEN AUTOMOTIVE facilities in the immediate future.

10.  Plaintiff ROBERT MCCARTHY personally experienced difficulty with said access barriers at Defendants' DOTEN AUTOMOTIVE facilities.  For example, there are two (2) vehicle entrances into

the parking lot of this establishment, one (1) to each side of the building.  There fails to be any of the required disability signage informing patrons they may be fined or their vehicle may be towed if they unlawfully park at a disabled parking space at either of the two (2) parking lot entrances.

11.   The parking facilities fail to have any of the required disabled parking and "Van Accessible" disabled parking.  To the east side of the building, across the driveway, there are seven (7) marked customer parking spaces.  Plaintiff ROBERT MCCARTHY parked his van in this area, occupying two (2) parking spaces.  At the west entrance to the parking area, there is a sign with an arrow pointed up the driveway.  The sign states, "Customer Parking."  There are additional parking spaces for patrons around the back of the building via this west entrance.  Again, there fails to be any of the required disabled parking and "Van Accessible" disabled parking at the establishment.  There fails to be a designated safe and accessible exterior path of travel from the public street sidewalk to the entrances of the establishment. Also, the fails to be a designated safe and accessible exterior path of travel from the east side parking area to the entrances of the establishment.

12.   As Plaintiff ROBERT MCCARTHY exited his van, Mr. King Lai approached him and they discussed the new Hyundai vehicles.  In order to enter into the building, Mr. Lai escorted Plaintiff ROBERT MCCARTHY to the front doors, which are up an extremely steep ramp.  This ramp is so very steep that Plaintiff ROBERT MCCARTHY was unable to independently push his wheelchair up the

steep incline.   If Mr. Lai had not been present, Plaintiff ROBERT
MCCARTHY would not have been able to use these entrance doors.
There fails to be any disability directional signage directing a
disabled patron to an accessible entrance.  Also, the entrance
doors used by Plaintiff ROBERT MCCARTHY and all entrance doors
within the establishment fail to have the required disability
signage.

13.   While patronizing Defendants' establishment, Plaintiff
ROBERT MCCARTHY needed to use the restroom.   Plaintiff ROBERT
MCCARTHY used the unisex restroom.   Plaintiff ROBERT MCCARTHY
experienced difficulty due to the presence of architectural
barriers within the unisex restroom.   The commode blocks the
commode seat protective cover dispenser and the commode seat
protective cover dispenser is mounted too high to be accessible.
Also, the toilet paper is on a large wheel mounted below the grab
bar.  As a result the opening where toilet paper is retrieved is
too close to the floor to be accessible.

14.   Outside of the unisex restroom, there is a stand-alone
upright water drinking fountain.   The drinking fountain spout is
too high to be accessible.

15.   The Parts Department window and the Cashier Window are
separate, however, both share the same counter at a ninety-degree
(90°) angle from each other.   This counter is too high to be
accessible, as the counter is forty inches (40") high.   As a
result, it was very difficult for Plaintiff ROBERT MCCARTHY to
reach and retrieve his purchase at the Parts Department Counter.
At the Cashier Counter, Plaintiff ROBERT MCCARTHY had to sign his

credit card transaction slip on his lap, without the use of a clipboard.

16.   At the Parts Department, there is an exit door on the east side of the building.  Plaintiff ROBERT MCCARTHY exited using this door and found himself on a raised pedestrian walkway that tapered downward toward the front of the building.

17.   Plaintiff ROBERT MCCARTHY is presently deterred from returning due to his knowledge of the barriers to access that exist at Defendants' DOTEN AUTOMOTIVE facilities.

18.   Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities.  Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992.  Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

19.   Plaintiff believes and herein alleges Defendants' DOTEN AUTOMOTIVE facilities have access violations not directly experienced by Plaintiff ROBERT MCCARTHY which preclude or limit access by other persons with disabilities, including but not limited to violations relating to Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks,

Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Accordingly, Plaintiff alleges Defendants are required to remove all architectural barriers, known or unknown.  Also, Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

20.   Based on these facts, Plaintiff ROBERT MCCARTHY alleges he was discriminated against each time he patronized Defendants' DOTEN AUTOMOTIVE establishment.  Plaintiff ROBERT MCCARTHY was extremely upset due to Defendants' conduct.  Further, Plaintiff ROBERT MCCARTHY experienced pain in his legs, back, arms, shoulders and wrists when he attempted to enter, use, and exit Defendants' facilities.

<b><u>NOTICE</u></b>

21.   Plaintiff is not required to provide notice to the defendants prior to filing a complaint.  *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000).

<b><u>WHAT CLAIMS IS PLAINTIFF ALLEGING AGAINST EACH NAMED DEFENDANT</u></b>

22.    JIM DOTEN, INC., d.b.a. DOTEN AUTOMOTIVE — HYUNDAI; JIM DOTEN, INC.; J AND J PROPERTIES, A California Corporation; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

23.   Plaintiff avers that the Defendants are liable for the following claims as alleged below:

///

## DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

24.  Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in this complaint, Plaintiff ROBERT MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations.  Plaintiff alleges Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a).  Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT MCCARTHY was denied equal access to Defendants' existing facilities.

25.  Plaintiff ROBERT MCCARTHY has physical impairments as alleged in ¶ 8 above because his conditions affect one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, Plaintiff ROBERT MCCARTHY's said physical impairments substantially limits one or more of the following major life activities:  walking.  In addition, Plaintiff ROBERT MCCARTHY cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person.  Moreover, Plaintiff ROBERT MCCARTHY has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In**

**Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

26. Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in this complaint, Plaintiff ROBERT MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

27. Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

28. Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendants discriminated against Plaintiff in violation

of 42 U.S.C. § 12182(a).

29.   Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff ROBERT MCCARTHY was denied equal access to Defendants' existing facilities.

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

30.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in this complaint, Plaintiff ROBERT MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a).   Plaintiff is informed, believes, and thus alleges that architectural barriers which are structural in nature exist within the following physical elements of Defendants' facilities: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).]   Failure to remove such barriers and

disparate treatment against a person who has a known association

with a person with a disability are forms of discrimination.  [See

42 United States Code 12182(b)(2)(A)(iv).]  Thus, Plaintiff ROBERT

MCCARTHY was subjected to discrimination in violation of 42 United

States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because he

was denied equal access to Defendants' existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices,**
**Policies And Procedures**

31.  Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in

this complaint, Defendants failed and refused to provide a

reasonable alternative by modifying its practices, policies and

procedures in that they failed to have a scheme, plan, or design

to assist Plaintiff and/or others similarly situated in entering

and utilizing Defendants' services, as required by 42 U.S.C. §

12188(a).  Thus, Plaintiff ROBERT MCCARTHY was subjected to

discrimination in violation of 42 United States Code

12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT

MCCARTHY was denied equal access to Defendants' existing

facilities.

32.  Based on the facts plead at ¶¶ 7 - 20 above, Claims I, II,

and III of Plaintiff's First Cause Of Action above, and the facts

elsewhere herein this complaint, Plaintiff will suffer irreparable

harm unless Defendants are ordered to remove architectural, non-

architectural, and communication barriers at Defendants' public

accommodation.  Plaintiff alleges that Defendants' discriminatory

conduct is capable of repetition, and this discriminatory

repetition adversely impacts Plaintiff and a substantial segment

of the disability community.  Plaintiff alleges there is a
national public interest in requiring accessibility in places of
public accommodation.  Plaintiff has no adequate remedy at law to
redress the discriminatory conduct of Defendants.  Plaintiff
desires to return to Defendants' places of business in the
immediate future.  Accordingly, the Plaintiff alleges that a
structural or mandatory injunction is necessary to enjoin
compliance with federal civil rights laws enacted for the benefit
of individuals with disabilities.

33.   WHEREFORE, Plaintiff prays for judgment and relief as
hereinafter set forth.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER
CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

34.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in
this complaint, Plaintiff ROBERT MCCARTHY was denied full and
equal access to Defendants' goods, services, facilities,
privileges, advantages, or accommodations within a public
accommodation owned, leased, and/or operated by Defendants as
required by Civil Code Sections 54 and 54.1.  Defendants' facility
violated California's Title 24 Accessible Building Code by failing
to provide access to Defendants' facilities due to violations
pertaining to the Space Allowance and Reach Ranges, Accessible
Route, Protruding Objects, Ground and Floor Surfaces, Parking and
Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators,
Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances,
Drinking Fountains and Water Coolers, Water Closets, Toilet

Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

35.   These violations denied Plaintiff ROBERT MCCARTHY full and equal access to Defendants' facility. Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff ROBERT MCCARTHY was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

36.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1.   Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

37.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

38.    Based on the facts plead at ¶¶ 7 - 20 above, Claims I, II, and III of Plaintiff's Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.   Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community.   Plaintiff alleges there is a state and national public interest in requiring accessibility in places of public accommodation.   Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.   Plaintiff desires to return to Defendants' places of business in the immediate future.   Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

39.   Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

**Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws**

40.   Defendants, each of them respectively, at times prior to and including, the month of January, 2006, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility.   Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable

access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff and other similarly situated persons with disabilities. Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' DOTEN AUTOMOTIVE facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

41. Defendants, and each of their actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiff and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiff and other members

of the public with physical disabilities.

42.   Plaintiff prays for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners, lessors, and operators of other public facilities from willful disregard of the rights of persons with disabilities.  Plaintiff does not know the financial worth of Defendants, or the amount of damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

43.   Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Negligence.**

44.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in this complaint, Defendants owed Plaintiff ROBERT MCCARTHY a statutory duty to make their facility accessible and owed Plaintiff ROBERT MCCARTHY a duty to keep him reasonably safe from known dangers and risks of harm. This said duty arises by virtue of legal duties proscribed by various federal and state statutes including, but not limited to, ADA, ADAAG, Civil Code 51, 52, 54, 54.1 and Title 24 of the California Administrative Code and applicable 1982 Uniform Building Code standards as amended.

45.   Title III of the ADA mandates removal of architectural barriers and prohibits disability discrimination.  As well, Defendants' facility, and other goods, services, and/or facilities provided to the public by Defendants are not accessible to and

usable by persons with disabilities as required by Health and Safety Code § 19955 which requires private entities to make their facility accessible before and after remodeling, and to remove architectural barriers.

46.  Therefore, Defendants engaged in discriminatory conduct in that they failed to comply with known duties under the ADA, ADAAG, Civil Code 51, 52, 54, 54.1, 54.3, ADAAG, and Title 24, and knew or should have known that their acts of nonfeasance would cause Plaintiff ROBERT MCCARTHY emotional, bodily and personal injury. Plaintiff ROBERT MCCARTHY further alleges that such conduct was done in reckless disregard of the probability of said conduct causing Plaintiff ROBERT MCCARTHY to suffer bodily or personal injury, anger, embarrassment, depression, anxiety, mortification, humiliation, distress, and fear of physical injury. Plaintiff ROBERT MCCARTHY alleges that such conduct caused him to suffer the injuries of mental and emotional distress, including, but not limited to, anger, embarrassment, depression, anxiety, mortification, humiliation, distress, and fear of physical injury. Further, Plaintiff ROBERT MCCARTHY experienced pain in his legs, back, arms, shoulders and wrists when he attempted to enter, use, and exit Defendants' facilities.  Plaintiff ROBERT MCCARTHY additionally alleges that such conduct caused him to suffer damages as a result of these injuries.

47.  Wherefore, Plaintiff ROBERT MCCARTHY prays for damages and relief as hereinafter stated.

///

///

DEMAND FOR JUDGMENT FOR RELIEF:

A.     For general damages pursuant to Cal. Civil Code §§ 52, 54.3, 3281, and 3333;

B.     For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

C.     In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

D.     For injunctive relief pursuant to 42 U.S.C. § 12188(a) and Cal. Civil Code § 55.  Plaintiff requests this Court enjoin Defendants to remove all architectural barriers in, at, or on their facilities related to the following: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

E.     For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and Cal. Civil Code §§ 1032 and 1033.5;

F.     For treble damages pursuant to Cal. Civil Code §§  52(a), and 54.3(a);

G.      A Jury Trial and;

H.      For such other further relief as the court deems proper.


Respectfully submitted:


                                              PINNOCK & WAKEFIELD, A.P.C.


Dated:        February 10, 2006

                                      By: _____
                                          DAVID C. WAKEFIELD, ESQ.
                                          MICHELLE L. WAKEFIELD, ESQ.
                                          Attorneys for Plaintiff

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

ROBERT MCCARTHY

**DEFENDANTS**

JIM DOTEN, INC., d.b.a. DOTEN AUTOMOTIVE – HYUNDAI; JIM DOTEN, INC.; J AND J PROPERTIES, A California Corporation; And DOES 1 THROUGH 10, Inclusive, Defendants

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

San Diego

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.   CONTRA COSTA

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David C. Wakefield, Esq., SBN: 185736, Pinnock & Wakefield 3033 5th Ave., #410, San Diego, CA 92103, (619) 858-3671

ATTORNEYS (IF KNOWN)

E-filing

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☑ Original Proceeding
- ☐ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transfered from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 555 Prison Condition | | | |
| | ☑ 446 Amer w/ disab - Other | | | | |
| | ☐ 480 Consumer Credit | | | | |
| | ☐ 490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. Sections 12101-12102, 12181-12183, and 12201, Et. Seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ _____ CHECK YES only if demanded in complaint:

JURY DEMAND: ☑ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☑ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE 2/16/06     SIGNATURE OF ATTORNEY OF RECORD   David C. Wakefield